FILED
OCT 21 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cary Gagan, )
)
       Petitioner, )
)
v. )  Civil Action No. **09 1996**
)
)
Eric Holder, )
)
       Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on review of petitioner's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner is a Colorado state prisoner. Invoking the mandamus statute, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, petitioner seeks to compel Attorney General Eric Holder to investigate his claims of organized crime in Colorado. Compl. at 1. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Similarly, the APA, "empowers a court only to compel an agency 'to perform a ministerial or

non-discretionary act,' or 'to take action upon a matter, without directing how it shall act.' " *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (quoting Attorney General's Manual on the Administrative Procedure Act 108 (1947)).

The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). The complaint therefore will be dismissed for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

/s/ Paul L. Friedman
United States District Judge

Date: October 16, 2009